```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHAKUR WINGATE,                                                   :
                                                                  :
                                 Plaintiff,                       :
                                                                  :
            - against -                                           :   9:25-cv-00207
                                                                  :   (BKS/TWD)
DR. IMTIAZ SAMAD; DR. SUBBARAO                                    :
RAMINENI; MICHELLE CHERI; and                                     :
JOHN/JANE DOES 1-5,                                               :
                                                                  :
                                 Defendants.                      :
------------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants Imtiaz Samad, M.D.;*
*Subbarao Ramineni, M.D.; and*
*Michelle Cheri, R.N.*
300 S. State Street, Suite 300
Syracuse, New York 13202

JONATHAN P. PILAT
Assistant Attorney General

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

PLAINTIFF'S ALLEGATIONS ................................................................................................ 1

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT ............................................................................................................................... 3

POINT I:   PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ARE
           TIME BARRED ............................................................................................ 4

POINT II:  PLAINTIFF'S EIGHTH AMENDMENT DELIBERATE INDIFFERENCE
           CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE
           OF ACTION .................................................................................................. 6

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................3, 7

*Bass v. Jackson*,
    790 F.2d 260, 263 (2d Cir. 1986).............................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 [2007]...............................................................................................3

*Boley v. Durets*,
    687 F. App'x 40 (2d Cir. 2017)................................................................................6

*Boyd v. Doe*
    #1, No. 918CV1333TJMATB, 2021 WL 7542409 (N.D.N.Y. Nov. 30, 2021) .......7

*Chance v. Armstrong*,
    143 F.3d 698 [2d. Cir. 1998]..................................................................................10

*Charles v. Orange Cty.*,
    925 F.3d 73 [2d. Cir. 2019]......................................................................................9

*Cornwell v. Robinson*,
    23 F.3d 694 [2d Cir. 1994]......................................................................................5

*Courtney v. Colvin*,
    No. 13 Civ. 2884(AJN) (JLC), 2013 WL 5652476 (S.D.N.Y. Oct. 17, 2013)..........3

*Darby v. Greenman*
    (14 F.4th 124)................................................................................................... 9-10

*Engles v. Mewar*,
    272 F. Supp. 3d 435 (W.D.N.Y. 2017).....................................................................3

*Estelle v. Gamble*,
    429 U.S. 97 (1976)......................................................................................... 7-8, 10

*Everett v. Dean*,
    No. 320CV1260GTSML, 2021 WL 3038390 (N.D.N.Y. June 2, 2021)..................6

*Farmer v. Brennan*,
  511 U.S. 825 (1994) ........................................................................................................... 8

*Fontaine v. Cornwall*,
  2019 WL 4257136 (N.D.N.Y. Sp. 9, 2019) ................................................................. 8, 10

*Grof v. Dinello*,
  2025 WL 107069 [N.D.N.Y. 2025] ............................................................................... 5-6

*Harris v. City of New York*,
  186 F.3d 243 (2d Cir. 1999) .............................................................................................. 5

*Harrison v. Barkley*,
  219 F.3d 132 [2d. Cir. 2000] ........................................................................................... 10

*Hathaway v. Coughlin*,
  37 F.3d 63 (2d Cir. 1994) ............................................................................................. 7-8

*Hathaway v. Coughlin ("Hathaway II")*,
  99 F.3d 550 (2d Cir. 1996) ............................................................................................... 8

*Hill v. Curcione*,
  657, F.3d 116, 122 (2d Cir. 2011) ................................................................................. 7-8

*Hogan v. Fischer*,
  738 F.3d 509 (2d Cir. 2013) ............................................................................................. 3

*Jones v. City of New York*,
  571 F.Supp.3d 118 (S.D.N.Y. 2021) ................................................................................. 4

*Leacock v. N.Y. City Health Hosp. Corp.*,
  2005 WL 1027152 [S.D.N.Y. 2005] ............................................................................... 10

*Lucente v. Cnty. of Suffolk*,
  980 F.3d 284 (2d Cir. 2020) ("[t]he statute of limitations for § 1983 actions arising in
  New York is three years") ................................................................................................. 3

*Owens v. Okure*,
  488 U.S. 235 (1989) .......................................................................................................... 3

*Provost v. City of Newburgh*,
  262 F.3d 146 (2d Cir. 2001) .............................................................................................. 7

*Randolph v. Kalies*,
  No. 919CV1161DNHTWD, 2021 WL 5605557 (N.D.N.Y. Nov. 10, 2021) ............ 7-8, 10

*Rodriguez v. Corizon Health Care*,
  2016 WL 3189960 (S.D.N.Y. June 6, 2016) ...................................................................7

*Shomo v. City of New York*,
  579 F.3d 176 (2d. Cir. 2009) ..................................................................................... 5-6

*Tangreti v. Bachmann*,
  983 F.3d 609 (2d Cir. 2020) ........................................................................................7

*Tarrant v. City of Mount Vernon*,
  2022 WL 17070062 (S.D.N.Y. Nov. 17, 2022) ............................................................6

*Wilson v. Seiter*,
  501 U.S. 294 (1991) .....................................................................................................8

*Wright v. Smith*,
  21 F.3d 496 (2d Cir. 1994) ...........................................................................................6

**Constitutions**

U.S. Const. amend. VIII ................................................................................... 6-8, 10

**Federal Statutes**

42 U.S.C.
  § 1983 ..................................................................................................................... 3, 5-8

**Rules**

N.Y.C.P.L.R.
  § 214 ............................................................................................................................4

Fed. R. Civ. P. 8 ...............................................................................................................3

Fed. R. Civ. P. 12(b) ............................................................................................. 1, 3, 11

## **PRELIMINARY STATEMENT**

Collectively, Defendants Subbarao Ramineni, M.D. (hereinafter "Dr. Ramineni") and Imtiaz Samad, M.D. (hereinafter "Dr. Samad"), former employees of, agents of, or contractors associated with NYS Department of Corrections and Community Supervision (hereinafter "DOCCS"), and Michelle Cheri, R.N. (hereinafter "R.N. Cheri"), a currently employee of DOCCS, by their attorney Letitia James, Attorney General of the State of New York, respectfully submit this Memorandum of Law in support of their Motion to dismiss the Complaint, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, on the grounds that the claims are barred by the applicable statute of limitations, and failure to state a cause of action upon which relief can be granted.

## **PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff Shakur Wingate was an incarcerated individual ("I/I") who began his subject incarceration with DOCCS in 2018. ECF No. 12, ¶ 4. The Complaint alleges what appears to be gastrointestinal problems from the onset of his incarceration, and it is unknown whether this predated his incarceration. *See id.* at ¶¶ 19-23. For several months, while apparently receiving treatment from each of the Defendants periodically, including but not limited to vitals checks; imaging studies; and bloodwork, the Complaint alleges that he advised the facility staff that he did not feel the treatment was appropriate. *See id.* at ¶¶ 19-37. Plaintiff does not recite any specialized medical treatment, or that he had any second opinions.

The through line of the "initial period" of allegations appears to be an assessment of small bowel obstruction on or about March 30, 2020. *See id.* at ¶¶ 40-49. The Complaint alleges dietary

---

[1] The Complaint's factual allegations are assumed to be true for the purposes of this Motion only. When referring to a "Complaint" herein, Defendants refer to the First Amended Complaint (ECF No. 12). In the interests of judicial efficiency, Defendants will not restate all factual allegations other than those which are most pertinent to the instant Motion.

1

changes which eventually appeared to have resolved the small bowel obstruction, and on or about June 3, 2020, a diagnosis of "Crohn's disease with complication" was made. *See id.* at ¶¶ 49-51. This was allegedly confirmed by a GI specialist on August 11, 2020, and subsequently reiterated on upper GI endoscopy and colonoscopy on or about September 15, 2020. *See id.* at ¶¶ 56-57. The Complaint alleges the GI specialist recommended Humira injections, which Defendants did not effectuate. *See id.* at ¶ 59.

Apparently, nearly a year later, in October of 2021, unnamed medical provider(s) indicated testing was not consistent with Crohn's Disease, yet also indicates that Dr. Samad "was the driving force behind the demonstrably false conclusion that Plaintiff did not suffer from Crohn's Disease…" *See id.* at ¶¶ 62-63. Later, on November 2, 2021, allegedly Plaintiff was advised to avoid foods which impact his GI system – a not so unusual recommendation for those suffering from Crohn's – and to start a food diary. *See id.* at ¶¶ 64. *More than eight months later*, his symptoms apparently re-presented with such severity necessitating transfer to Upstate University Hospital in July 2022. *See id.* at ¶¶ 65-69. Again, the Complaint alleges a finding of Crohn's Disease, among other GI/abdominal complaints were reflected at the hospital visit. *See id.* at ¶ 69. He apparently was kept at Upstate University Hospital for several months, where he received budesonide daily, and intermittent Humira injections. *See id.* at ¶¶ 70-71.

After return to Mohawk CF, in February of 2023, allegedly he was deprived of consistent medication administration and received "deficient care for several months" (which is not articulated). *See id.* at ¶ 73. Counsel allegedly wrote to the facility discussing a withholding of medications. *See id.* at ¶ 74. Without articulation, the Complaint goes on to assert that that Plaintiff was treated medically with indifference and inconsistency until his release in March of 2024. *See id.* at ¶ 75.

2

## STANDARD OF REVIEW

To survive a Rule 12(b) (6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). A claim has facial plausibility "when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57). The pleading requirements under Rule 8 of the Federal Rules of Civil Procedure "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where a plaintiff has failed to "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570. A motion to dismiss on statute of limitations grounds "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b) (6)." *Engles v. Mewar*, 272 F. Supp. 3d 435, 441 (W.D.N.Y. 2017) (citing *Courtney v. Colvin*, No. 13 Civ. 2884(AJN) (JLC), 2013 WL 5652476, at *2 (S.D.N.Y. Oct. 17, 2013)).

## ARGUMENT

**POINT I:    PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ARE TIME-BARRED.**

Plaintiff's claim against Defendants should be dismissed as time-barred by the three-year statute of limitations for Section 1983 actions. Actions brought pursuant to 42 U.S.C. § 1983 "borrow the state statute of limitations for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250–51 (1989). Section 1983 actions in New York state are therefore "subject to a three-year statute of limitations." *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Lucente v.*

3

*Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) ("[t]he statute of limitations for § 1983 actions arising in New York is three years"); N.Y.C.P.L.R. § 214. Accrual of a 1983 action occurs "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Jones v. City of New York*, 571 F.Supp.3d 118, 128 (S.D.N.Y. 2021) (internal citations omitted).

Initially it should be noted that the Complaint fails to essentially establish which of the named defendants provided inadequate care rising to the standard of deliberate indifference precisely when, or in particular which facets of the care constituted deliberate indifference. While this will be addressed further in POINT II, infra, when considering these issues under the terms of the statute of limitations of three years, this Complaint is deficient to the extent that it claims inadequate treatment by medical providers dating back to as early as potentially 2018. *See* ECF No. 12 at ¶¶ 2-4, 19-20. However if you follow the logic of the Complaint it appears that there is issue with the timeliness of the assessment of the Plaintiff's Crohn's disease which was initially assessed in 2020, so any claims relating to any delay of the assessment of Crohn's disease would have expired as of as late as June 2023. *See id.* at ¶¶ 19-55. Further, there are claims that the medical staff did not follow the instructions of the GI specialist who recommended certain medication and dietary needs of Plaintiff, following a consult in August of 2020, however the next significant period of treatment according to the Complaint occurs in roughly October of 2021. *See id.* at ¶¶ 56-63. There are no noteworthy issues addressed with the treatment between the consult in August of 2020 and October of 2021, nevertheless, any issues with this period of medical treatment became time barred after October of 2024.

The Complaint logic follows that the next noteworthy period of treatment was not until July 2022. *See id.* at ¶ 67. Thus, any claims of inappropriate treatment predating as early as April of 2022 are categorically time barred based upon when this Complaint was filed. While Claimant

4

will attempt to address that the medical treatment continued to be appropriate and inconsistent following the apparent discharge from Upstate University Hospital in early 2023, and continued to be inadequate, the Complaint does not tie any treatment prior to the July 2022 Upstate University Hospital inpatient admission to the alleged aforementioned inadequacies dating back to the initial assessment of Crohn's disease; the assessment of a small bowel obstruction; and the related treatment thereafter to establish continuous treatment, the Complaint would have necessarily had to have a through line for the treatment dating back to as early as 2019 under these facts through the period ending his incarceration in 2024. Frankly, the scattering of disparate examples of medical treatment over this lengthy timeframe does not articulate that through line. *See generally*, ECF No. 12. Thus, any factual allegations of deliberate indifference prior to April 11, 2022, must be dismissed as time barred categorically. Further, these claims are *not* revived by the "continuous violation" doctrine.

The continuing violation doctrine is an "exception to the normal knew-or-should-have-known accrual date." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d. Cir. 2009) [quoting *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999)]. This doctrine applies to claims involving a series of separate acts that combine to establish one unlawful practice. *See Grof v. Dinello*, 2025 WL 107069 at *13 [N.D.N.Y. 2025] (internal citations omitted). "When [a] plaintiff brings a Section 1983 claim challenging a discriminatory policy, 'commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" *Shomo*, 579 F.3d at 181 (quoting *Cornwell v. Robinson*, 23 F.3d 694 [2d Cir. 1994]). "To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of [deliberate indifference to his or her serious medical needs] and some non-time-barred acts taken in the furtherance of that policy.' *Shomo*, 579 F.3d at 182 (citing *Harris*

5

186 F.3d at 250 [alterations in original]). Here, critically, the Complaint does not sufficiently give rise to plausible facts addressing a period of deliberate indifference for any treatment that began before April 2022 that would be tied to treatment *after* April 2022 that could give rise to "continuous treatment" doctrine applicability. *See generally*, ECF No. 12; *see Shomo*, 579 F.3d at 181-182. Plaintiff alleges what amounts to three distinct periods of inadequate medical treatment, namely, (1) the treatment and eventual diagnosis of Crohn's Disease between 2018-2021; (2) the care relating to his early 2020 small bowel obstruction; and (3) the care immediately leading up to his July 12, 2022, hospitalization, and his recovery thereafter. *See* ECF No. 12 at ¶¶ 19-75. In so doing, he is merely attempting to connect three distinct periods of medical care, each with their own intricate circumstances and symptomatic indicators, to a series of events constituting one unlawful act. *See e.g.*, *Grof*, *supra* at *13. This pleading deficiency fails to meet the requirements of establishing "continuous violation" applicability. *See Shomo*, 579 F.3d at 181-182.

In sum, there are simply no allegations made against Defendants which survive the 3-year statute of limitations period. Accordingly, all claims against Defendants should be dismissed.

### POINT II: PLAINTIFF'S EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

As a fundamental prerequisite "[t]o establish[ing] a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation." *Tarrant v. City of Mount Vernon*, 2022 WL 17070062, at *4 (S.D.N.Y. Nov. 17, 2022) (citing *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)); *see Everett v. Dean*, No. 320CV1260GTSML, 2021 WL 3038390, at *5 (N.D.N.Y. June 2, 2021), *report and recommendation adopted*, No. 320CV1260GTSML, 2021 WL 3032690 (N.D.N.Y. July 19, 2021) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show 'a tangible connection between the acts of a defendant and the injuries suffered.'" *Id.*, citing *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[D]irect participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal." *Id.*, citing *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (internal quotation marks omitted).

The Second Circuit clarified the standard for personal involvement of individuals in a § 1983 action. *Boyd v. Doe* #1, No. 918CV1333TJMATB, 2021 WL 7542409, at *15 (N.D.N.Y. Nov. 30, 2021), *report and recommendation adopted*, No. 918CV1333TJMATB, 2022 WL 823648 (N.D.N.Y. Mar. 18, 2022) (citing *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020)). Pursuant to the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "the Second Circuit in *Tangreti* made clear that to attach liability to an individual, regardless of supervisory status, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.*, citing *Iqbal*, 556 U.S. at 676.

"To establish a violation of the Eighth Amendment arising out of inadequate medical treatment, a prisoner is required to prove 'deliberate indifference' to [his] serious medical needs." *Rodriguez v. Corizon Health Care*, 2016 WL 3189960, at *3 (S.D.N.Y. June 6, 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Hill v. Curcione*, 657, F.3d 116, 122 (2d Cir. 2011). There is a subjective and objective prong of the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995).

The objective component "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Randolph v. Kalies*, No. 919CV1161DNHTWD, 2021 WL 5605557, at *6

7

(N.D.N.Y. Nov. 10, 2021), *report and recommendation adopted,* No. 9:19-CV-1161, 2021 WL 5596409 (N.D.N.Y. Nov. 30, 2021) (citing *Hill*, 657 F.3d at 122 (quoting *Hathaway*, 99 F.3d at 553) (internal quotation marks omitted). "However, not 'every injury' a prisoner suffers 'translates into constitutional liability for prison officials.'" *Randolph*, 2021 WL 5605557, at *6 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

With respect to the subjective component, the plaintiff must establish that "[s]ubjectively, the official charged with deliberate indifference must act with a 'sufficiently culpable state of mind.'" *Fontaine v. Cornwall*, 2019 WL 4257136, at *5 (N.D.N.Y. Sp. 9, 2019) (citing *Hill*, 657 F.3d at 122); *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991). In other words, the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Fontaine*, 2019 WL 4257136 at *5, citing *Hill*, 657 F.3d at 122 (internal citation omitted). Deliberate indifference is "a state of mind that is the equivalent of criminal recklessness[.]" *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996). Moreover, "mere medical malpractice does not constitute an Eighth Amendment violation..." *Hathaway*, 37 F.3d at 68 (citing *Estelle*, 429 U.S. at 107).

Plaintiff essentially alleges, as to each respective Defendant[2], that collectively under Section 1983, they were deliberately indifferent: (1) in continuously denying or interfering with medical and dietary needs for his autoimmune disease; (2) that there was a failure to timely and adequately diagnose his Crohn's Disease up until June 2020; (3) that there was a failure to follow guidance from consulting providers regarding this condition following this assessment; (4) that

---

[2] Defendants posit that Plaintiff fails to distinguish his causes of action as to *each* Defendant, respectively, or how each respective Defendant individually was "deliberately indifferent" of his medical needs and treatment. Accordingly, Defendants are constrained to viewing the timeline of alleged mistreatment jointly as to all Defendants.

8

Plaintiff's early 2020 bout with a small bowel obstruction, and July 2022 bout with abdominal pain and discomfort was tied to this condition; (5) that grievances and other complaints regarding medical care by Plaintiff were insufficiently addressed; and (6) that these circumstances led to a nearly 6 year period of pain and suffering. *See* ECF No. 12 at ¶¶ 19-75

The Second Circuit's rationale and holding in *Darby v. Greenman* (14 F.4th 124) is analogous. There, *Darby* alleged dental pain and inflammation which was insufficiently addressed including over a dozen sick call requests and 3-4 grievances about the deficiencies in dental care over a nearly two-month period which allegedly went unanswered. *See id.* at pp. 128-130. Further, after a facility transfer, the plaintiff alleged several further sick call requests regarding pain and symptoms necessitating prompt care which went unanswered. *Id.* It was not until *Darby* was transferred to a third facility and saw a specialist that it was discovered that a large mass was present, and gum surgery eventually took place in February 2018, roughly a year after the initial complaints. *Id.* Even under such a direct and extremely concerning timeline of factual allegations, the Second Circuit upheld the District Court's affirmance of a Motion to Dismiss the Complaint. *Id.* at 131. In so doing, it ruled that such allegations constituted mere disagreements with the assessment of the severity of the condition and recommendations for treatment, rather than outright refusals to see *Darby*. *Id.* at 129, fn. 2. Rather, the Second Circuit opined that, "[e]ven assuming that [the providers'] proposed treatment was inadequate, 'mere medical malpractice is not tantamount to deliberate indifference' absent a showing of 'conscious disregard of a substantial risk of serious harm.'" *Id.* (quoting *Charles v. Orange Cty.*, 925 F.3d 73, 87 [2d. Cir. 2019]).

Here, we have no assertions as to the volume of complaints or grievances Plaintiff may have filed regarding the alleged deficient care. In fact, the grievances he does reference appear to relate solely to disagreements with the care decisions provided. *See Darby*, 14 F.4th at 129. Not

once does Plaintiff assert any Defendant refused to see him. *See generally* ECF No. 12. Even if the care provided by Defendants, individually and collectively, were negligent, this would constitute mere negligence and not suffice to establish a valid claim under the Eighth Amendment. *See Darby*, F.4th at 128-131; *see also Estelle*, 429 U.S. at 106. Plaintiff further did not allege any form of conscious disregard or legitimate medical needs (*Harrison v. Barkley*, 219 F.3d 132, 139 [2d. Cir. 2000]); "ulterior motives…[that] would show that the defendants had a culpable state of mind and that their choice of treatment was intentionally wrong and did not derive from sound medical judgment" (*Chance v. Armstrong*, 143 F.3d 698, 704 [2d. Cir. 1998]; or, a conscious refrain from rendering medical care due to someone's "criminal" status (*Leacock v. N.Y. City Health Hosp. Corp.*, 2005 WL 1027152 [S.D.N.Y. 2005]). *See generally* ECF No. 12.

On its face, in fact, the volume of medical treatment in and of itself suggests that Plaintiff was regularly being treated, and his care and medical needs monitored, by Defendants. *See id.* at ¶¶ 19-75. Defendants would see him on routine visits, or emergency sick call. *See id.* Defendants ordered vital checks, lab tests, imaging studies, and outside consultations, to treat this condition. *See id.* When necessary, Defendants (or unnamed medical staff) appear to have effectuated the elevation of Plaintiff's care to a higher level by sending him to outside hospitals on multiple occasions to address the very complaints now at issue. *See id.*

Accordingly, Plaintiff has failed to sufficiently plead in his Complaint any facts that would establish a sufficient cause of action for "deliberate indifference" under the Eighth Amendment as to Defendants collectively, and as such this Complaint must be dismissed. *See Darby*, 14 F.4th at 128-131; *see also Randolph* 2021 WL 5605557, at *6; *Fontaine*, 2019 WL 4257136, at *5.

## CONCLUSION

Defendants collectively request that the Court dismiss Plaintiff's Complaint in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice, and grant such other and further relief as it deems just and equitable.

Dated: Syracuse, New York
June 13, 2025

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*
300 S. State Street, Ste. 300
Syracuse, New York 13202

By: _____
JONATHAN P. PILAT, ESQ.
Assistant Attorney General, of Counsel
Bar Roll No. 706085
Telephone: (315) 448-4800
Fax: (315) 448-4853

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2024, he filed Defendants' (Samad, Ramineni, and Cheri) Motion to dismiss by electronically filing with the Clerk of the Court herein, using the CM/ECF system, which is understood to have sent notification of such filing electronically to the following:

[COUNSEL FOR I/I]

Dated: Syracuse, New York
       June 13, 2025

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*
300 S. State Street, Ste. 300
Syracuse, New York 13202

By: _____
JONATHAN P. PILAT, ESQ.
Assistant Attorney General, of Counsel
Bar Roll No. 706085
Telephone: (315) 448-4800
Fax: (315) 448-4853