UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHAKUR WINGATE,

                      *Plaintiff*,              9:25-cv-00207-BKS-CBF

    -against-

IMTIAZ SAMAD, et al.,

                      *Defendants*.

_____

| | |
|---|---|
| Motion By: | LETITIA JAMES<br>Attorney General of the State of New York<br>Attorney for Defendants<br><br>By: Anna Wright<br>Assistant Attorney General, of Counsel<br>Bar Roll No. 5090182 |
| Time and Place of Hearing: | _____, at 10:00 a.m. before Magistrate Judge Carla B. Freedman to be held at the United States District Courthouse in Syracuse, New York, **upon submission only.** |
| Relief and Basis: | An Order pursuant to F.R.C.P. 12(b)(6) dismissing the Complaint as to all defendants, and for such other and further relief as the Court deems just and proper. |
| Supporting Papers: | Attorney Anna Wright's Declaration and Defendants' Memorandum of Law. |

Dated:    Syracuse, New York
             February 19, 2026

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
300 S. State Street, Suite 300
Syracuse, New York 13202
By *s/Anna Wright*
Anna Wright, Esq.
Assistant Attorney General
Bar Roll No. 5090182
Telephone:  (315) 448-4800
Fax: (315) 448-4853
Email: anna.wright@ag.ny.gov


To:   Stephanie Panousieris
      Rickner Moskovitz LLP
      Attorney for Plaintiff
      stephanie@rmcivilrights.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAKUR WINGATE,

                              *Plaintiff*,

    -against-

                                                  9:25-cv-00207-BKS-CBF

IMTIAZ SAMAD, et al.,

                              *Defendants*.
_____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## THE SECOND AMENDED COMPLAINT

                                            LETITIA JAMES
                                            Attorney General of the State of New York
                                            Syracuse Regional Office
                                            Attorney for Defendants
                                            300 S. State Street, Ste. 300
                                            Syracuse, NY 13202

By:    Anna Wright, Esq.
          Assistant Attorney General, of Counsel
          Bar Roll No. 5090182
          Telephone: (315) 448-4800
          Fax: (315) 448-4899
          E-mail: Anna.Wright@ag.ny.gov

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………….2, 3, 4

PRELIMINARY STATEMENT……………………………………………………………..…..5

STANDARD OF REVIEW…………………………………………………………….……….6

ARGUMENT…………………………………………………………………………….……..7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Council of Blind of New York, Inc. v. City of New York*,
  495 F. Supp. 3d 211 (E.D.N.Y. 2018) ...............................................................................12

*Armstrong v. McAlpin*,
  699 F.2d 79 (2d Cir. 1983)................................................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................6

*Burch v. Pioneer Credit Recovery, Inc.*,
  551 F.3d 122 (2d Cir. 2008)..............................................................................................14

*Chance v. Armstrong*,
  143 F.3d 698 (2d Cir. 1998)................................................................................................7

*Clark v. Valletta*,
  157 F.4th 201 (2d Cir. 2025) ..............................................................................................8

*Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*,
  988 F.3d 127 (2d Cir. 2021)..............................................................................................10

*E.E.O.C. v. Port Auth. of N.Y. & N.J.*,
  768 F.3d 247 (2d Cir. 2014)................................................................................................6

*Eaton v. Wayne Cent. Sch. Dist.*,
  25 F. Supp. 3d 370 (W.D.N.Y. 2014) ...............................................................................11

*Engles v. Mewar*,
  272 F. Supp. 3d 435 (W.D.N.Y. 2017) .................................................................................. 6

*Estelle v. Gamble*,
  429 U.S. 97 (1976) .................................................................................................................. 7

*Gonzalez v. Hasty*,
  802 F.3d 212 (2d Cir. 2015) ................................................................................................. 11

*Gonzalez v. Wright*,
  665 F. Supp. 2d 334 (S.D.N.Y. 2009) .................................................................................... 7

*Gurary v. Winehouse*,
  235 F.3d 792 (2d Cir. 2000) ................................................................................................. 14

*Harris v. City of New York*,
  186 F.3d 243 (2d Cir. 1999) ................................................................................................. 12

*Hathaway v. Coughlin*,
  99 F.3d 550 (2d Cir. 1996) ............................................................................................... 7-8

*Hathaway v. Coughlin ("Hathaway I")*,
  37 F.3d 63 (2d Cir. 1994) ................................................................................................. 7-8

*Heard v. Sheehan*,
  253 F.3d 316 (7th Cir. 2001) ............................................................................................... 11

*Hill v. Curcione*,
  657, F.3d 116, 122 (2d Cir. 2011) ..................................................................................... 7-8

*Lucente v. Cnty. of Suffolk*,
  980 F.3d 284 (2d Cir. 2020) ........................................................................................... 11-12

*Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision*,
  126 F.4th 125 (2d Cir. 2025) ............................................................................................... 11

*Melendez v. Sirius XM Radio, Inc.*,
  50 F.4th 294 (2d Cir. 2022) ................................................................................................. 14

*Rush v. Canfield*,
  649 F. App'x 70 (2d Cir. 2016) ........................................................................................... 13

*Salahuddin v. Goord*,
  467 F.3d 263 (2d Cir. 2006) ................................................................................................... 7

*Shomo v. City of New York*,
    579 F.3d 176 (2d Cir. 2009) .................................................................................. 11-12

*Tassy v. Buttigieg*,
    51 F.4th 521 (2d Cir. 2022) ........................................................................................11

*TechnoMarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014) .......................................................................................14

*Wilson v. Seiter*,
    501 U.S. 294 (1991) .....................................................................................................8

**Constitutions**

Eighth Amendment ................................................................................................... 5, 7-8, 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 5-6, 10, 14

Rule 8 of the Federal Rules of Civil Procedure ...............................................................6

## **PRELIMINARY STATEMENT**

On February 12, 2025, Plaintiff filed a Complaint alleging that Dr. Imtiaz Samad, Dr. Subbarao Ramineni, and Nurse Administrator Michelle Cheri (Defendants), all medical staff at Mohawk Correctional Facility, were deliberately indifferent to his Crohn's disease in violation of the Eighth Amendment. (ECF 1). On April 11, 2025, Plaintiff filed an Amended Complaint making the same claims. (ECF 12). In lieu of an answer, Defendants filed a Motion to Dismiss, arguing that Plaintiff's claims were time barred and that the Complaint failed to state a claim upon which relief could be granted. (ECF 24).

In January 2026, the Court issued an order granting Defendant's Motion to Dismiss. (ECF 29). The Court found that "the continuing violation doctrine does not apply, and Plaintiff's Eighth Amendment claim – as set forth in the amended complaint – is time barred." (*Id.* at 9-10). The Court specifically noted that, for those allegations occurring after February 12, 2022, and within the statute of limitations, Plaintiff failed to plausibly allege some act in furtherance of a pattern of deliberate indifference. (*Id.*). The Court also found that the Amended Complaint contained "grouped, conclusory allegations [that] do not explain specific actions taken by each individual defendant, much less those defendants' subjective mental state." (*Id.* at 11). Accordingly, the Court dismissed the Amended Complaint, but granted Plaintiff leave to amend.

On February 6, 2026, Plaintiff timely filed the Second Amended Complaint. (ECF 30). The Second Amended Complaint makes the same claims as the prior complaints. Defendants now move to dismiss, because the Second Amended Complaint, like the First Amended Complaint, is time-barred and fails to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

5

## **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57). The pleading requirements under Rule 8 of the Federal Rules of Civil Procedure "demand more than an unadorned, the-defendant-unlawfully- harmed-me accusation." *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* In addition, mere "labels and conclusions" are insufficient. *Twombly*, 550 U.S. at 555. Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Where a plaintiff has failed to "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

The Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A motion to dismiss on statute of limitations grounds "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b) (6)." *Engles v. Mewar*, 272 F. Supp. 3d 435, 441 (W.D.N.Y. 2017) (citing *Courtney v. Colvin*, No. 13 Civ. 2884(AJN) (JLC), 2013 WL 5652476, at *2 (S.D.N.Y. Oct. 17, 2013)).

**ARGUMENT**

The Second Amended Complaint must be dismissed, because Plaintiff fails to plausibly allege the facts necessary for the objective and/or subjective components of an Eighth Amendment deliberate indifference claim. In addition, his Eighth Amendment claims are time-barred.

I.  *Eighth Amendment Deliberate Indifference Claims*

To establish inadequate medical treatment in violation of the Eighth Amendment, a prisoner must plausibly allege "deliberate indifference" to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); accord *Hill v. Curcione*, 657, F.3d 116, 122 (2d Cir. 2011). There is a subjective and objective prong to the deliberate indifference standard. *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995).

As to the objective prong, there is a two-step analysis. *Gonzalez v. Wright*, 665 F. Supp. 2d 334, 346 (S.D.N.Y. 2009) (citing *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998). At the first step, a court must determine whether the inmate received adequate care. *Id.* Prison officials are required to provide reasonable care to inmates, but they "are not obligated to provide inmates with whatever care the inmates desire." *Id.* (citing *Chance*, 143 F.3d at 702. Only if the care was inadequate does a court proceed to the second step and inquire into the seriousness of the condition. Whether a condition is serious depends on several factors, including whether it is an emergent issue; whether it is potentially fatal or degenerative; whether it causes chronic, substantial or extreme pain; whether a reasonable doctor or patient would find [it] important and worthy of comment; whether the inmate's daily activities are significantly affected. *See Hill*, 657 F.3d at 122; *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996); *Salahuddin v. Goord,* 467 F.3d 263, 280 (2d Cir. 2006); *Chance,* 143 F.3d at 702.

As to the subjective prong, the plaintiff must establish that the defendant acted with a "sufficiently culpable state of mind." *Hill*, 657 F.3d at 122; *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "Mere medical malpractice does not constitute an Eighth Amendment violation." *Hathaway I*, 37 F.3d at 68 (citing *Estelle*, 429 U.S. at 107). Rather, deliberate indifference is "a state of mind that is the equivalent of criminal recklessness[.]" *Hathaway II*, 99 F.3d at 553. Accordingly, to satisfy the subjective prong, an "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clark v. Valletta*, 157 F.4th 201, 209 (2d Cir. 2025) (quoting *Farmer*, 511 U.S. at 837).

From 2018 until June 2020, Plaintiff complains of events that he alleges delayed his Crohn's disease diagnosis. In March 2020, Plaintiff suffered a small bowel obstruction. (*Id.* at ¶ 39). This was resolved by May 2020, and Plaintiff was diagnosed with Crohn's disease in June 2020. (*See id.* at ¶¶ 43, 45). Plaintiff cannot maintain a claim for deliberate indifference on these facts. Nowhere does he allege that his treatment from 2018 through March 2020 was inadequate or what care he should have received but did not. (*See id.* at ¶¶ 19, 25, 34). Thus, he cannot satisfy the first step of the objective prong. In addition, during this period, Dr. Ramineni ordered tests to further investigate Plaintiff's symptoms, which showed no cause for concern. (*Id.* at ¶¶ 22-23). Thus, Dr. Ramineni could not have inferred from the available tests that Plaintiff was suffering from a "serious" condition, as required by the subjective prong. (*See id.*). In fact, when Plaintiff did present with serious and emergent symptoms that allowed for such an inference, he was sent to an outside provider for a higher level of care. (*See id.* at ¶ 39).

From March 30 to June 22, 2020, Plaintiff was allegedly denied a prescribed liquid diet. (ECF 30 at ¶¶ 41-49). He claims this led to some pain, bloating and nausea but no other symptoms.

8

(*Id.* at ¶ 48). Assuming this constitutes inadequate treatment, these symptoms are not serious, *see supra* at 3, and Plaintiff cannot satisfy the second step of the objective prong. There is also no reason why any defendant would infer from Plaintiff's symptoms that he was at risk of substantial harm as a result of this denial. Accordingly, the alleged denial of the prescribed liquid diet also fails as to the subjective prong.

In September and October 2021, a non-party nurse allegedly told Plaintiff that his tests were not indicative of Crohn's disease, and Plaintiff lays the blame for these statements with Dr. Ramineni and Dr. Samad. (*Id.* at ¶¶ 53-54). This incident does not meet the objective prong, because it was not a deprivation of adequate care. Further, it fails to allege personal involvement by any defendant, because there is nothing to suggest that either doctor communicated with this non-party nurse regarding their beliefs about Plaintiff's treatment or diagnosis. As such, these statements fail to state a claim for deliberate indifference to Plaintiff's medical needs.

Between October 2021 and June 2022, Plaintiff alleges he visited sick call repeatedly when his symptoms flared and inquired about his Humira injections. (*Id.* at ¶¶ 53-58). He provides no details about these visits and inquiries, no information about the frequency or number of flare-ups, no information about his symptoms during flare-ups, and no allegations that he suffered harm as a result. (*See id.* at ¶¶ 53-63). Absent this information, Plaintiff has not met the objective or subjective prong as to his care between October 2021 and June 2022.

At some point prior to June 2022, Plaintiff improved to the point where he was able to tolerate solid foods. (*See id.* at ¶ 58). However, in June 2022, Plaintiff alleges, he was no longer able to tolerate solid foods and was told to avoid foods that upset his stomach. (*Id.*). Plaintiff does not allege what additional care he should have received at this point, that any defendant knew of this change in his condition, or that any defendant had any information to suggest that this was

9

more than a flare of his symptoms. Absent this information, Plaintiff has not met the objective or subjective prong as to his care in June 2022.

On July 14, 2022, Plaintiff presented to the infirmary at Mohawk Correctional with severe abdominal pain, vomiting, and a "hard and rigid" abdomen. (*Id.* at ¶ 59). He was immediately sent for outside care. (*See id.*). Clearly, sending Plaintiff for outside care was adequate treatment. Thus, Plaintiff cannot satisfy the first step of the objective prong as to this incident.

Finally, Plaintiff alleges that when he returned to Mohawk Correctional Facility in February 2023, Dr. Samad "once again obstructed access to the medications and diet necessary to manage the painful symptoms of his autoimmune disease." (*Id.* at ¶¶ 66-67). Plaintiff again fails to allege sufficient detail to show that Dr. Samad knew that his symptoms were serious and that the course of treatment would expose Plaintiff to a substantial risk of serious harm. *See supra* at 3. In fact, despite remaining in custody for at least 10 additional months, Plaintiff does not allege any flare-ups that required a higher level of care after returning to Dr. Samad's care or the nature of his pain. Accordingly, Plaintiff's care after his return to Mohawk Correctional Facility does not meet the objective or subjective components. (*See id.* at ¶ 4).

For the reasons discussed above, none of the incidents alleged in the Second Amended Complaint plausibly allege deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. As such, the Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

II.     *Continuing Violations*

A statute of limitations defense "may be decided on a Rule 12(b)(6) motion if [it] appears on the face of the complaint." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131–32 (2d Cir. 2021) (quoting *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015)). "The

statute of limitations for § 1983 actions arising in New York is three years." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). "A Section 1983 claim ordinarily 'accrues when the plaintiff knows or has reason to know of the harm.'" *Shomo*, 579 F.3d at 181 (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)); *see also Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 131–32 (2d Cir. 2025).

However, there are exceptions to "'the normal knew-or-should-have-known accrual date,'" including the continuing violation doctrine. *Shomo*, 579 F.3d at 181–82 (*quoting Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999)); *see also Gonzalez v. Hasty*, 802 F.3d 212, 224 (2d Cir. 2015). The continuing violation doctrine applies "to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Gonzalez*, 802 F.3d at 220; *see also Tassy v. Buttigieg*, 51 F.4th 521, 532 (2d Cir. 2022). Such claims are "composed of a series of separate acts that collectively constitute one unlawful practice," not of "discrete unlawful acts, even where those discrete acts are part of a 'serial violation.'" *Gonzalez*, 802 F.3d at 220 (alterations adopted) (quoting *Washington v. Cnty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) and *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), respectively); *see also Lucente*, 980 F.3d at 309. The continuing violation doctrine does not apply where a plaintiff did not allege an ongoing policy of discrimination that they could not recognize as such until after the statute of limitations ran. *Eaton v. Wayne Cent. Sch. Dist.*, 25 F. Supp. 3d 370, 374 (W.D.N.Y. 2014) Stated another way, the continuing violation doctrine applies where "a continuous series of events give rise to a cumulative injury." *Heard v. Sheehan*, 253 F.3d 316, 320 (7th Cir. 2001) (discussed with approval in *Shomo*, 579 F.3d at 181-82).

11

Thus, in the deliberate indifference context, the continuing violation doctrine applies only if the plaintiff plausibly alleges an ongoing policy of deliberate indifference to their serious medical needs <u>or</u> a pattern of deliberately indifferent treatment <u>and</u> an action in furtherance of that policy or practice that occurred within the statute of limitations. *See Shomo*, 579 F.3d at 182; *Harris*, 186 F.3d at 250. Where the complaint alleges deliberate indifference as to multiple individual defendants, the plaintiff must "allege[] an unconstitutional act committed by each particular defendant that falls within the three-year statutory period." *See Lucente*, 980 F.3d at 310; *see also Shomo*, 579 F.3d at 183. If the plaintiff meets this burden, then "the commencement of the statute of limitations period may be delayed until the last act in furtherance of" the ongoing policy. *Shomo*, 579 F.3d at 181 (quoting *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)).

As to the continuing violation doctrine in this matter, this Court previously held "the complaint must have plausibly alleged some act in furtherance of a pattern of deliberate indifference which occurred after February 12, 2022." (ECF 29 at 9). Plaintiff has failed to meet this burden for four reasons.

First, none of the incidents preceding February 12, 2022, state a claim for relief, because they fail to meet the objective and/or subjective components of deliberate indifference. *See supra.* Therefore, these events cannot establish a pattern of deliberate indifference.

Second, these events are not causally connected to each other, and they did not result in a cumulative injury. As such, they are discrete incidents that cannot support a finding of a continuing violation. *See Am. Council of Blind of New York, Inc. v. City of New York*, 495 F. Supp. 3d 211, 24 (E.D.N.Y. 2018) (discrete acts were easy to identify with clear end dates and each constituted a stand-alone claim). Plaintiff recovered after his small bowel obstruction in May 2020 and did not suffer another exacerbation until July 2022. (*See e.g.* ECF 30). Plaintiff admits that his symptoms

were at times alleviated by Defendants' treatment of his Crohn's disease, that he gained weight under their care, and that he was able to return to eating solid foods under their care. (*See id.* at ¶¶ 39, 42, 51, 58). These improvements while under Defendants' care break the causal connection between his exacerbations, because "[a] lack of temporal continuity in allegedly discriminatory acts is fatal to a continuing violation argument." *Rush v. Canfield*, 649 F. App'x 70 (2d Cir. 2016) (internal quotations and citations omitted).

Third, Defendants' actions after February 12, 2022, did not further a pattern of deliberate indifference, because there was no such pattern. *See supra* at 8.

Fourth, even if such a pattern existed, Plaintiff has not plausibly alleged that anything that happened after February 12, 2022, constituted deliberate indifference. *See supra* at 5-6. He has also failed to plausibly allege that anything that happened after February 12, 2022, furthered a policy and/or pattern of deliberate indifference. As to the events after February 12, 2022, Plaintiff alleges that (1) at some point prior to June 2022, he improved to the point where he was able to tolerate solid foods, but in June 2022 he was no longer able to tolerate solid foods and was told to avoid foods that upset his stomach; (2) in July 2022, he presented with worsening symptoms and was sent for outside care; and (3) when he returned to Mohawk Correctional Facility, Dr. Samad "once again obstructed access to the medications and diet necessary to manage the painful symptoms of his autoimmune disease." (*See id.* at ¶¶ 58, 66-67). These events are not tied to the events prior to February 12, 2022, and cannot further a policy and/or pattern, because Plaintiff's condition improved in the interim as shown by his ability to eat solid foods for some period prior to June 2022. His allegations of repeated visits to sick call and denial of Humira injections do not cure this issue, because there is nothing to suggest that these events took place within the statute

13

of limitations since Plaintiff alleges only that these events took place between October 2021 and June 2022 without further detail. (*See id.* at ¶¶ 53-58).

For the reasons discussed above, Plaintiff has failed to plausibly allege the facts necessary to show a continuing violation. Therefore, the continuing violation doctrine is inapplicable and all allegations prior to February 12, 2022, are time-barred and must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Further, as discussed above, the incidents that fall within the statute of limitations fail to state a claim upon which relief can be granted. *See id.*

## CONCLUSION

The Second Amended Complaint fails as to the pleading standards and as to timeliness. Plaintiff has failed to allege any incident that could plausibly support a finding of deliberate indifference, and most of the incidents alleged are barred by the statute of limitations. Accordingly, the Second Amended Complaint should be dismissed.

Further, dismissal with prejudice at this juncture is appropriate, because amendment is futile. *See Melendez v. Sirius XM Radio, Inc.,* 50 F.4th 294, 309 (2d Cir. 2022); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Dismissal with prejudice is also appropriate, because this is Plaintiff's third attempt to adequately plead deliberate indifference and declining to allow Plaintiff a fourth attempt would be well within this Court's discretion. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) (in dismissing second amended complaint, the court did not abuse its discretion in refusing to allow "a fourth attempt to plead").